UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE CHRISTIAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2226** |
| **33RD JUDICIAL COURT, ET AL.** | **SECTION "O"(4)** |

## REPORT AND RECOMMENDATION

Plaintiff Willie Christian ("Christian") is a prisoner housed in the Allen Parish Jail in Oberlin, Louisiana. ECF No. 1, at 4 (Original Deficient Complaint). Christian filed this *pro se* 42 U.S.C. § 1983 complaint against defendants, the 33rd Judicial District Court, the Oakdale Police Department, the Allen Parish Jail, and the Allen Parish Sheriff's Department, seeking relief from his arrest on drug charges for lack of probable cause and for the use of excessive force during his arrest on September 15, 2023, by Officer Winston Lambright. *Id*. at 1-3. As relief, Christian seeks $1 million from the Sheriff's Department, $50,000 from the Oakdale Police Department, and to have the court and public defender held accountable for their misconduct. *Id*. at 5.

At the time of filing, Christian did not pay the filing fee or submit a pauper application. He also did not use the form required for prisoner civil rights suits brought under § 1983. The Clerk of Court sent Christian a notice of these deficiencies that required him to complete the form complaint and either pay the filing fee or submit a properly completed pauper application within 21 days of the notice. ECF No. 2.

On September 30, 2024, in response to the deficiency notice, Christian submitted a completed pauper application that included the necessary certification of his inmate account information. ECF No. 3. He has not provided the completed prisoner complaint form. The time period provided in the deficiency notice for him to do so has now passed.

Nevertheless, upon review of the complaint, it is apparent that Christian has filed his complaint in the wrong venue. In light of the court's decision to transfer this matter, ruling on Christian's pauper application (ECF No. 3), and his failure to correct the form complaint, is deferred to the receiving court.

**I.    Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court under certain conditions to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998). Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation. *In re Rolls Royce Corp.*, 775 F.3d 671, 677-78 (5th Cir. 2014) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)). A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness." *Id*. at 678.

**II.    Discussion**

Christian has presented no basis for this matter to proceed in the Eastern District of Louisiana. Christian sued defendants who are not present in this district. He also urges claims

arising from events that did not occur within this district. Specifically, Christian, who is housed in Oberlin, Louisiana, indicates that the defendants and events giving rise to his lawsuit occurred in the towns of Oakdale and Oberlin, Louisiana. The cities of Oberlin and Oakdale are in Allen Parish, Louisiana, which is within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The interests of justice and fairness to the parties dictate that venue is appropriate in the Western District of Louisiana.

### III.     Recommendation

It is therefore **RECOMMENDED** that Willie Christian's civil action brought under 42 U.S.C. § 1983 be **TRANSFERRED** to the United States District Court for the Western District of Louisiana for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 29th day of October, 2024.

_____
KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.